# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| HERMAN Q. CHRISTOPHER, | CASE NO. 09-CV-2301 - IEG (WVG) |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
| vs. | |
| FIRST FRANKLIN FINANCIAL CORP., et al., | |
| Defendants. | |

On October 19, 2009, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. To date, despite asking for an extension of time in which to reply, Plaintiff has failed to respond. Accordingly, for the reasons set forth below, the Court DISMISSES this action for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff filed his complaint in this action on October 16, 2009, alleging causes of action for quiet title, nuisance, wrongful foreclosure, violation of the Truth in Lending Act ("TILA"), and to set aside trustee's sale. [Doc. No. 1]. On the same day, Plaintiff also filed an Emergency Motion for Temporary Restraining Order ("TRO"), seeking this Court's order enjoining Defendants from evicting Plaintiff and selling Plaintiff's property to a third party. [Doc. No. 3]. On October 19, 2009, the Court denied Plaintiff's TRO motion and ordered Plaintiff to show cause why this action should not be

dismissed for lack of subject matter jurisdiction. [Doc. No. 4]. On November 16, 2009, the Court granted Plaintiff's motion for more time to respond, ordering that Plaintiff respond to the Order to Show Cause by December 7, 2009. [Doc. No. 7]. To date, there has been no response.

## LEGAL STANDARD

It is axiomatic that federal courts are courts of limited jurisdiction and as such "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). The court must presume that a case lies outside of its limited jurisdiction, and the burden of establishing jurisdiction is on the party asserting it. Id. Lack of subject matter jurisdiction can be raised at any time by any party or *sua sponte* by the court. Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).

When the court's jurisdiction is based on a "federal question," the question must be disclosed on the face of the complaint. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998). Under the longstanding well-plead complaint rule, this means that jurisdiction is proper "'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (citation omitted).

Jurisdiction founded on "diversity of citizenship" requires that there be both complete diversity of the parties and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). "Complete diversity" does not exist unless "*each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

## DISCUSSION

In the present case, Plaintiff alleges that federal jurisdiction is proper under both 28 U.S.C. § 1331 ("federal question") and 28 U.S.C. § 1332 ("diversity of citizenship"). (Compl. ¶ 4.)

The Court finds there is no "federal question" giving rise to federal jurisdiction in this case. Plaintiff's claim for enforcement of rescission under TILA is the only federal claim alleged in the Verified Complaint. However, as the Court determined in its October 19, 2009 Order, [Doc. No. 4], the foreclosure sale of Plaintiff's property in 2008 operated to terminate Plaintiff's right of rescission. See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."); 12

1  C.F.R. § 226.23(a)(3); see also Marschner v. RJR Fin. Servs., Inc., 382 F. Supp. 2d 918, 921 (E.D. Mich. 2005) (concluding that a foreclosure sale terminated the plaintiff's unexpired right to rescind). Accordingly, Plaintiff's claim for rescission under TILA is barred by the statute of repose. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-19 (1998); Miguel, 309 F.3d at 1163-65. This, in turn, deprives the Court of subject matter jurisdiction over the action. See Miguel, 309 F.3d at 1163-65.

The Court also finds there is no "diversity of citizenship" jurisdiction in this case. For jurisdiction to be proper on this basis, there must be both complete diversity and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). In the present case, Plaintiff's Verified Complaint alleges that both Plaintiff and Defendant Cal-Western Reconveyance Corporation are California citizens. (Compl. ¶¶ 7, 10.) Accordingly, because "complete diversity" is clearly lacking in this case, there can be no jurisdiction based on the diversity of citizenship.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action for lack of subject matter jurisdiction. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

DATED: May 27, 2010

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**